# EXHIBIT A

| | |
|---|---|
| **MORGAN & MORGAN, PLLC**<br>By:  Joseph Z. Swist, Esquire<br>         jswist@forthepeople.com<br>         Identification No. 322741<br>         One Commerce Square<br>         2005 Market Street, Suite 350<br>         Philadelphia, PA 19103<br>         267-780-2965 (Phone)<br>         267-780-2950 (Fax) | **Attorney for Plaintiff**<br>*Filed and Attested by the Office of Judicial Records 24 FEB 2023 02:27 pm C. PERRY* |
| **LISA TARASCHI**<br>2713 Tremont Street<br>Philadelphia, PA 19136<br>                              Plaintiff,<br>                    v.<br>**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY**<br>1234 Market Street, 5th Floor<br>Philadelphia, PA 19107<br>                              Defendant. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br>FEBRUARY TERM, 2023<br>No.<br><br>JURY TRIAL DEMANDED |

| **"NOTICE"** | **"AVISO"** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.<br><br>**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.** | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.<br><br>**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR** |

Case ID: 230202615

2

| | |
|---|---|
| Philadelphia Bar Association | **DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.** |
| LAWYER REFERRAL & INFO. | Asociacion de Licenciados de Filadelfia |
| One Reading Center | Servicio de Referencia e Informacion |
| Philadelphia, PA  19107 | One Reading Center |
| (215) 238-1701 | Philadelphia, PA  19107 |
| | (215) 238-1701 |

2

## CIVIL ACTION COMPLAINT

**I.    PARTIES**

1. Plaintiff, Linda Taraschi, is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing therein at the addressed identified in the case caption.

2. Defendant, Southeastern Pennsylvania Transportation Authority ("SEPTA"), is a corporation engaged in business of common carrier in the Commonwealth of Pennslyvania with an office address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, possessor, lessor, lessee and/or otherwise responsible for the care, control, and or safety of the premises and real property located at or near 4783 Rhawn Street, Philadelphia, PA 19136 ("subject premises").

3. Upon information and belief, SEPTA is a political subdivision of the Commonwealth of Pennsylvania.

4. At all times relevant hereto, pursuant to 42 Pa. C.S.A. §8542(b)(4) and City Ordinance §11-505(1), SEPTA had the power and authority to require the repair of the real property at the subject premises.

5. Plaintiff is entitled to bring this action under 42 Pa. C.S.A. §8542 in that (a) there is a statutory right for the Plaintiff to recover for her injuries and damages sustained, (b) Plaintiff's injuries and damages were caused by the negligent acts of the Defendant or its employees acting within the scope of their employment and, (c) the negligence is related to a dangerous condition of the real property owned, and/or under control, by the Defendant.

6. Plaintiff filed a written statement concerning the aforesaid incident as required by 42 Pa. C.S.A. §5522(a).

7. At all times material hereto, SEPTA was in the exclusive possession, management,

and/or control of the subject premises.

8. At all times, SEPTA was acting by and through its employees, against, servants, ostensible agents, and/workmens and is vicariously liable and otherwise responsible for the actions and omissions of its employees, against, servants, ostensible agents, and/workmens responsible for performing, maintaining, inspecting, and/or making safe the subject premises. The identities of these employees, office staff, agents, and servants better known to Defendant than they are to Plaintiff.

9. At all times material hereto, the agents, servants, employees, office staff, and workers of Defendant were responsible for providing a safe means of egress and ingress as well as inspecting and/or maintaining/repairing, the area(s) in and around the location where Plaintiff fell.

## II. THE EVENTS GIVING RISE TO THE CIVIL ACTION

10. On September 30, 2022, Plaintiff was legally on Defendant's premises, when, as a result of the negligence and/or carelessness of Defendant, Plaintiff was caused to trip and fall due to a condition of the real property.

11. At all times relevant hereto, Plaintiff was a business invitee and was lawfully on the subject premises.

12. On the date of incident, Plaintiff attempted to catch the train, which required Plaintiff to traverse an external stairwell located on Defendant's property.

13. At all times, the individual steps of the subject stairwell were defective, crumbled, unlevel, steep, slippery, and unsafe.

14. While traversing the stairwell, Plaintiff was caused to trip and fall due to the defective conditions of the subject stairs of the subject stairwell and was unable to catch her fall.

15. Defendant created and/or knew the subject stairwell and the steps thereon were

defective and knew that they posed a potential danger to people exiting/entering the premises.

16. Despite this, Defendant did not remedy or correct the dangerous condition of the subject premises.

17. At all times material hereto, Defendant acted by and through its employees, agents, servants, and/or representatives, all of whom were acting within the course and scope of their agency or employment and on behalf of said Defendant.

18. The aforesaid fall was in no manner caused by any act, or failure to act, on the part of Plaintiff, but was caused solely and exclusively by the negligence, carelessness, and tortious conduct of the Defendant.

19. As a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendant, Plaintiff has suffered injuries/damages, some or all of which may be permanent, as further addressed in this Complaint.

**III:   INJURIES/DAMAGES SUSTAINED BY PLAINTIFF**

20. As a direct and proximate result of Defendant's negligence, carelessness, and tortious conduct, as described elsewhere in this Complaint, Plaintiff sustained the following personal injuries and damages, some or all of which may be permanent in nature:

   a) Left distal radius fracture, requiring surgery;

   b) bilateral knee pain;

   c) bilateral shoulder pain;

   d) exacerbation of lumbar pain;

   e) exacerbation of back pain;

   f) Sacroiliac pain;

   g) Lumbar radiculopathy;

  h) Anticipated future surgical repair(s);

  i) Anticipated injections;

  j) Need for physical rehabilitation;

  k) Scaring;

  l) Past and future medical, hospital, rehabilitative, and nursing treatment, as well as expenses associated therewith;

  m) Lost wages, both past and future;

  n) Diminished earning capacity;

  o) Diminished quality of life;

  p) Past and future inability to engage in activities of daily living; and

  q) Past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, disfigurement, loss of life's pleasures, diminished ability to ambulate and to engage in activities of daily living, and emotional distress.

**IV:** **CAUSES OF ACTION:**

### COUNT I – NEGLIGENCE/CARELESSNESS
### LISA TARASCHI vs. SEPTA

21. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if each was fully set forth herein.

22. The negligent, careless, and tortious conduct of Defendant consisted of, but is not limited to, the following:

  a) Failing to eliminate, repair, or protect against a dangerous condition of the property pursuant to Section 15-0203 of the City's Ordinance, care, custody, control, and responsibility for such defective condition;

  b) Failing to eliminate, repair, or protect against a dangerous condition of the real property as required by 42 Pa. C.S. Section 8542(b)(4);

  c) Failing to require, by reason of its power and authority, that the owner(s) undertake repair of the stairwell and steps thereon which

4

          are under the care, custody and control of the Defendant(s);

d)    failing to maintain the stairwell and steps thereon of the subject premises in a reasonably safe condition;

e)    failing to warn persons, such as Plaintiff, of the presence of defective stairwell and steps thereon used for entering/exiting the subject premises;

f)    Creating and/or placing a defective set of stairs used for entering/exiting the subject premises;

g)    failing to warn persons, such as Plaintiff, of the presence of uneven, unlevel, jagged, steep, crumbled, slippery, and/or unsafe steps of the stairs used for entering/exiting the subject premises;

h)    failing to warn persons, such as Plaintiff, of the presence of the defective and unsafe stairwell and steps thereon;

i)    failing to provide adequate tread for the subject steps;

j)    failing to provide signage and/or warnings;

k)    failing to exercise reasonable care for the safety of the Plaintiff;

l)    violating State and Federal coding requirements;

m)    permitting and allowing persons, such as Plaintiff, to walk in, and about, the area of Plaintiff's accident when Defendant knew, or should have known, of the unreasonably dangerous conditions which existed;

n)    failing to undertake sufficient inspections of the premises for dangerous conditions;

o)    failing to remedy the known hazardous condition of the steps of the subject premises;

p)    appreciating the likelihood that Plaintiff would occupy and utilize the stairwell and steps thereon of the subject premises, despite knowledge that the steps would pose a significant risk of serious bodily injury to Plaintiff and other individuals;

q)    creating and permitting to exist a dangerous and hazardous condition for invitees;

r)    failing to discover unsafe conditions of the property which posed an unreasonable risk to invitees upon inspection of subject premises;

s)    failing to remedy unsafe conditions of the subject premises despite having sufficient time to do so;

t)    disregarding unsafe conditions of the subject premises, including the stairwell and steps thereon, that posed an unreasonable risk of harm to Plaintiff and other pedestrians, despite having knowledge of the

Case ID: 230202615

      same, and having sufficient time to remedy the unsafe conditions; and

u)     Violating the applicable laws and Ordinances of the Commonwealth of Pennsylvania and the City of Philadelphia relating to the care, maintenance, control, and repair of real property.

23.     As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff sustained the injuries described earlier in this Complaint.

24.     As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat herself for her injuries, and will continue to be obligated to do so for an indefinite time into the future.

25.     The injuries, losses, and damages sustained by Plaintiff were a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendant, and were not due to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) for compensatory damages, together with all lawful interest, costs, and damages for pre-judgment delay.

                                                  **MORGAN & MORGAN, PLLC**

Dated: February 24, 2023       **By:**    /s/ *Joseph Z. Swist*
                                                        **JOSEPH Z. SWIST**
                                                        **Attorney for Plaintiff**

Case ID: 230202615

## VERIFICATION

I, Joseph Z. Swist, hereby depose and state that I am the attorney for Plaintiff, that I have reviewed the foregoing Complaint, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.

                                                **MORGAN & MORGAN, PLLC**

Dated:  February 24, 2023        **By:**    */s/ Joseph Z. Swist*
                                                              **JOSEPH Z. SWIST**
                                                              **Attorney for Plaintiff**